UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KINLEY MACDONALD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHIEF BOSTON POLICE, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>No. 22-12233-AK |

**ORDER**

**A. KELLEY, D.J.**

Plaintiff Kinley Macdonald applied to this Court and was granted permission to proceed *in forma pauperis*. See Docket No. 11. Based upon the financial information provided in her prison account summary, the Court assessed an initial filing fee of $350.00, the full filing fee. Id. Macdonald was not assessed an obligation to pay the $52.00 administrative fee because it does not apply to persons proceeding *in forma pauperis*. See Judicial Conference Fee Schedule.

Now before the Court is Plaintiff's Renewed Objection to Order of Filing fee. Docket No. 22. Plaintiff states that she has been declared indigent in all of her state proceedings and that she has qualified for appointed counsel and related fees were waived. Id. She further states that the Court's order is "paradoxical" because it both grants the "application for leave to proceed in forma pauperis in this case from an inmate presumed to be destitute, only to order the indigent applicant to 'agree' to pay the filing fee in full; seemingly to only collect fees from inmates while allowing non-inmates some income to 'enjoy the benefits of the statute' simply because they do not have an inmate ledger from the jail." Id.

Macdonald is correct that unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Indigent prisoners must pay filing fees based upon a statutory formula. Lafauci v Cunningham, 139 F. Supp. 2d 144, 145 (D. Mass. 2001). The applicable statute, 28 U.S.C. § 1915(b), "provides that an indigent prisoner be assessed 20% of his/her preceding month's income, so long as his/her prisoner account balance exceeds $10.00." Id. In 1996, as part of an effort to stem the number of frivolous inmate lawsuits, Congress amended 28 U.S.C. § 1915(b) to require inmates to pay filing fees in their civil actions and appeals. Lafauci, 139 F.Supp.2d at 145 (citing Prison Litigation Reform Act of 1996, Title VII of the Omnibus Consolidated Recessions and Appropriations Act of 1996, Pub.L. No. 104–134, § 804, 110 Stat. 1321, 1321–73 (1996); 141 Cong. Rec. S7, 526 (daily ed. May 25, 1995) (statement of Sen. Kyl) ("[T]he provision will deter frivolous inmate lawsuits.")).

Accordingly, Macdonald's objection is noted, however, the Court has no discretion to modify the collection of the filing fee for this action.

**SO ORDERED.**

Dated: August 11, 2023                                /s/ Angel Kelley
                                                      Hon. Angel Kelley
                                                      United States District Judge